Dunaway v. MPCC Corp., et al.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of September, two thousand sixteen.

PRESENT: DENNIS JACOBS,
        BARRINGTON D. PARKER,
                <u>Circuit Judges</u>,

        JANE A. RESTANI,*
                <u>Judge</u>.

- - - - - - - - - - - - - - - - - - - - -X
Douglas C. Dunaway,
        <u>Plaintiff-Appellant</u>,

        -v.-                    15-2587

MPCC Corp., Joseph Urbinati,
        <u>Defendants-Appellees</u>.

- - - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANT:**        DONALD L. SAPIR, Sapir Schragin LLP, White Plains, NY.

---

    *    The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

1

**FOR APPELLEES:**                    NICHOLAS M. REITER, Venable LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Román, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Douglas Dunaway appeals from the judgment of the United States District Court for the Southern District of New York (Román, J.) dismissing the age-discrimination and retaliation complaint on a motion for summary judgment. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Dunaway applied to be a senior project manager for MPCC Corp. -- a construction general contractor based in New Rochelle, New York -- and was interviewed by its president, Joseph Urbinati. Dunaway avers that in the interview, Urbinati said: that he was looking for an employee who would stay for 10 to 15 years; asked Dunaway his age (he was 65 but responded only that he was "up in years" and in good physical condition); mentioned Urbinati's septuagenarian father who was no longer running the company, though he remained involved with it; and asked Dunaway whether he was "capable of withstanding the vigors [sic] of the position." Urbinati did not hire Dunaway, and (consistent with company practice) he did not notify Dunaway that his application was rejected, but he continued seeking candidates for the position.

About a month after the interview, Dunaway filed an age-discrimination complaint with the New York State Division of Human Rights ("NYSDHR"), which determined that there was no probable cause to believe that the rejection was discriminatory, and dismissed the complaint.

This suit against Urbinati and MPCC pleads a failure-to-hire claim under the Age Discrimination in Employment Act ("ADEA") and, in the alternative, a retaliation claim under the New York Human Rights Law ("NYHRL") alleging that Urbinati rejected Dunaway's application in retaliation for the NYSDHR complaint.

2

The district court (Román, J.) dismissed the suit on summary judgment, holding that Dunaway failed to make a prima facie case of discrimination under the familiar burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

We review de novo the district court's grant of summary judgment, drawing all inferences in favor of the non-moving party. Young v. County of Fulton, 160 F.3d 899, 902 (2d Cir. 1998).

The ADEA makes it unlawful for an employer "to fail or refuse to hire . . . any individual . . . because of such individual's age." 29 U.S.C. § 623(a)(1). ADEA claims are analyzed under the McDonnell Douglas burden-shifting framework: the plaintiff first must make out a prima facie case of unlawful discrimination; the burden of production then shifts to the defendant to proffer non-discriminatory motivation for the challenged action; and, finally, the burden of production returns to the plaintiff to show that the non-discriminatory motivation was mere pretext for discrimination. 411 U.S. at 802. See also, e.g., Bucalo v. Shelter Island Union Free Sch. Dist., 691 F.3d 119, 128-129 (2d Cir. 2012).

To establish a prima facie case of age discrimination, the plaintiff must show (1) that he was within the protected age group, (2) that he was qualified for the position, (3) that he experienced an adverse employment action, and (4) that the action occurred under circumstances giving rise to an inference of discrimination. Id. at 129. The parties agree that the first three requirements are satisfied. The district court ruled that the fourth requirement was not. We agree.

Urbinati made several references to age, direct and indirect, when he interviewed Dunaway. The ADEA, however, "does not make all discussion of age taboo." Raskin v. Wyatt Co., 125 F.3d 55, 63 (2d Cir. 1997). "[A]n employer's concern about the economic consequences of employment decisions," such as the likelihood of an employment candidate's retirement within a short timeframe, "does not constitute age discrimination under the ADEA, even though there may be a correlation with age." Criley v. Delta Air Lines, Inc., 119 F.3d 102, 105 (2d Cir. 1997). More broadly, employers may consider factors that "are

3

empirically intertwined with age" without violating the ADEA "so long as they are motivated by 'some feature other than the employee's age.'"  Id. (quoting Hazen Paper Co. v. Biggins, 507 U.S. 604, 609 (1993)).

There are quibbles as to what was said (which we must resolve in Dunaway's favor); but by either party's account, the questions were germane to the probable length of Dunaway's potential employment and his fitness to do the job.  It is also undisputed that MPCC employed workers of similar age or older than Dunaway, and that after he was passed over for a position as senior project manager, a candidate who was hired was only one year younger. Even if a jury credits Dunaway's account of Urbinati's questioning, those circumstances do not give rise to an inference that Urbinati had a discriminatory motive not to hire him.  The district court therefore did not err by concluding that Dunaway failed to make out a prima facie case of age discrimination.

As for Dunaway's NYHRL retaliation claim, a similar analysis applies.  "The law governing ADEA claims has been held to be identical to that governing claims made under the NYHRL." Gorzynski v. JetBlue Airways Corp., 596 F.3d 93, 105 n.6 (2d Cir. 2010).  Dunaway has not established a genuine issue of fact as to whether the decision not to hire him occurred before or after Urbinati received notice of his NYSDHR complaint, and the circumstances do not give rise to an inference that Urbinati had a retaliatory motive when he decided not to hire him.

Accordingly, and finding no merit in Dunaway's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4